### MARTIN v. WALL.

#### (Circuit Court of Appeals, Second Circuit. March 10, 1908.)

#### No. 162.

PATENTS—INFRINGEMENT—TELEGRAPH TRANSMITTER.
  The Martin patent, No. 767,303, for a telegraph transmitter, *held* infringed as to claims 1 and 2.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree for injunction and accounting in a suit on patent 767,303 granted August 9, 1904 (application filed May 7, 1904), to Horace G. Martin for a telegraph transmitter, or key.

For opinion below, see 153 Fed. 589.

Lyman Ward (E. L. Thurston of counsel), for appellant.

Kerr, Page & Cooper (T. B. Kerr and Parker W. Page, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The parties are practically the same as in the suit of Bellows v. United Electrical Mfg. Co. and Martin (160 Fed. 663), opinion in which is filed at this session, Wall being a seller of instruments made by the Mecograph Company under which name Bellows does business.

The keys complained of are made under the Coffe patent which we sustained in the other suit, and are covered by claim 11 therein considered, but in details of structure on the finger side of the lever they differ from the mechanism shown in that patent and covered by several of its claims. They more closely resemble the device of the patent in this suit. The Coffe patent has a lever movable in one direction

only for dot impulses and a supplemental key lever for sending dashes to line. Complainants' patent in suit has a key lever itself movable in one direction for dots and in the other for dashes. The improvement is a small one, but we think exhibits patentable invention, and infringement seems to be clear. The Coffe patent, as we have found, antedates Martin's earliest date, but that circumstance is not material, since the particular improvement now under consideration is not shown in it. Complainant admitted on cross-examination that, when he "commenced to manufacture and sell his vibroplex instrument" and "when he filed his application" he was aware that instruments. like those now complained of were being manufactured and sold. Defendant put in no evidence, and we do not know how long after the filing of application for Coffe's patent it was when the latter produced his instruments with the improvement not covered by that patent. On the proof as it stands (it is in that respect substantially the same in both cases), we are not satisfied that Martin antedated Coffe as to the main invention, but we are of the opinion that Martin conceived the particular instrument shown in the patent in suit, and reduced it to practice before he began to manufacture it for sale.

The opinion of the Circuit Court is affirmed as to claims 1 and 2, with costs. Claim 3 seems to have been included in the decree by inadvertence resulting from an error of printing in the official copy of the patent, the last line of claim 2 and the first line of claim 3 having been omitted. No charge of infringement of the third claim was ever pressed. Under these circumstances, costs should not be withheld.